Tlie opinion of the court was delivered by
Breaux, J.
Peyret, the defendant in the case of Leon Godchaux vs. Jean Peyret, and relator here, makes application to this court to reverse the order of the Court of Appeals dismissing his, Peyret’s, appeal for want of jurisdiction.
*1504 The facts are, that the plaintiff in said ease, Godchaux, sued in the District Court for a judgment decreeing him to be the owner of the land described in his petition, which he alleges is worth three hundred and fifty dollars. This petition was not sworn to. He afterwards filed a supplemental petition, praying for an injunction prohibiting the defendant, Peyret, from deadening or causing to be deadened, any of the trees on the land. No allegation of value was made to this petition for an injunction. The petition is sustained by the oath required for an injunction. The defendant moved to dismiss the injunction on various grounds, and prayed for damages in the sum of fifty dollars for attorney’s fee. The answer of Peyret to the petition of Godchaux was a general denial.
The judgment of the District Court was in favor of Godchaux, recognizing his title to the land in controversy, and making the injunction absolute. On appeal to the Court of Appeals from the judgment of the District Court, that court decided that the amount in dispute was less than one hundred dollars, and, therefore, as construed by it, the case was not appealable. The court said, in the opinion dismissing the appeal, that plaintiff’s petition contained the allegation that the property in dispute is worth $350.00, and that, on the other hand, it appears from the testimony of Peyret, defendant, that the property in dispute is worth fifty dollars, and that there is documentary proof showing that the defendant, Peyret, bought the same property for $40.00; that it is not the allegation or prayer of the petition as to the value of the thing in dispute that vests jurisdiction, but that it is the true value of the property as it appears of record.
We agree with that part of the opinion of the Court of Appeal ^ expressing the view that the test of jurisdiction is the value of the property involved in the litigation, and yet we have .not found it legally possible to agree in the conclusion at which the court arrived. For, taking the foregoing as controlling, in matter of jurisdiction, wd find that the issues involve a value at least an infinitesimal amount larger than one hundred dollars which is required to give the right tct an appeal from the District Court to the Court of Appeals.
We have noticed that the plaintiff, Godchaux, alleges that the land in controversy is worth three hundred and fifty dollars. He, at any rate, is bound by his allegations as to value. On the other hand, it is true, that the defendant, Peyret, swore that the land is worth about *1505 fifty dollars. He, in addition, apparently in good faith, claimed damages in his motion to dissolve the injunction as before stated, making a total of one hundred dollars. Furthermore, while testifying, this defendant swore that he expended thirty dollars to circle and deaden trees on this land. This, from his point of view, must have added that much to the value of the land. At another time, while testifying, he said that his improvements were worth fifteen hundred dollars, and that he would not give them up for less than that sum; but whether he refers to the land, or the improvements, is not clearly expressed. In either case, it adds value enough to the land to render the case appealable. The improvements are, as we take it, inseparable from the land, at least to an amount sufficient to make up more than the one hundred dollars in question.
In that view, should Peyret gain his case, he will necessarily be recognized as owner of property worth more than that sum. In the nature of things, the decree must embrace' property, the value which is unquestionably more than the minimum limit of jurisdiction of the Oourt of Appeals.
In his answer, he, Peyret, prays to be recognized as owner of the improvements, as well as of the land; and, in granting his prayer, it follows that he would be recognized the owner of both the land and the improvements thereon. In view of the facts, we think that the value of the property is within the jurisdiction of the Court of Appeals, and for that reason the order heretofore granted by our worthy brothers of the Oourt of'Appeals, dismissing the appeal for want of jurisdiction (presenting the only issue here) should be rescinded, and the case reinstated, and proceeded with according to law.
In passing upon the question of value, we have considered the issues from the point of view, exclusively, of jurisdiction. No expression .of ours was intended, nor should be considered as trenching upon the rights of the parties.
Of course, in our view, the allegation of plaintiff’s petition as to the value of the property involved, is not to be entirely ignored, but to be given effect to, when, as to his case, it is sustained by the evidence. We find precedent for granting the writ in State ex rel. Beauvais vs. Judge, 48 Ann., 672, and decisions therein cited.
It is, therefore, ordered, adjudged and decreed that the order nisi heretofore issued by us directing the Oourt of Appeals to show cause *1506 why the writ of mandamus applied for should not issue, is hereby made absolute; and the Court of Appeals is to set aside its order dismissing the appeal, reinstate the appeal, and proceed with the case in compliance with the requirements of law in such cases.
The costs are to await the final termination of the suit, and are to be charged to the one cast in the suit.